**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OTILIA YANETH CUBILLAS AGUILAR; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-71357 <br><br> Agency Nos.     A208-575-449 <br>                     A208-575-450 <br>                     A208-575-451 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2021**
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,***
District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Otilia Yaneth Cubillas Aguilar, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal from the Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

The Due Process Clause guarantees petitioners a full and fair hearing. *Torres-Aguilar v. INS.*, 246 F.3d 1267, 1270 (9th Cir. 2001). A decision by the BIA or IJ violates due process "if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Id.* (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). Petitioner must also show prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *See Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075–77 (9th Cir. 2005) (emphasis omitted) (concluding the IJ violated due process because his statements indicated he inappropriately prejudged the case and later refused to allow, or otherwise cut off, key witness testimony); *Colmenar*, 210 F.3d at 971 (concluding the IJ violated due process where he refused to let

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

petitioner testify about matters central to his claim and thus prevented counsel from presenting a full case).

Here, Petitioner was reasonably able to present her case. Counsel conducted a direct examination, redirect examination, presented closing argument, and entered all the evidence he sought to admit despite the IJ's interruptions. The IJ's criticism did not force counsel to end his direct examination; counsel determined that he did not "have anything further" after the IJ invited him to continue. The IJ's comments reflect confusion and frustration with counsel's presentation as opposed to prejudgment of the case. Finally, the IJ's demeanor does not rise to the level of denying petitioner a fair hearing. *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) ("While the record indicates that the IJ conducted Rizo's removal hearing in an aggressive manner, the IJ did not deny him a fair hearing").

Moreover, Petitioner has not established prejudice. Petitioner does not point to any testimony or evidence that she was prohibited from introducing, nor describe how any omitted evidence would have changed the outcome. *Compare Zolotukhin*, 417 F.3d at 1075–76 (prejudice established where the IJ excluded testimony of key witnesses) *with Vilchez v. Holder*, 682 F.3d 1195, 1200 (9th Cir. 2012) (observing petitioner had not demonstrated prejudice when he did not explain how the IJ's decision would be affected). Here, the IJ evaluated all the

3

evidence from the hearing in the written decision. *See Sanchez-Cruz v. INS.*, 255 F.3d 775, 779–80 (9th Cir. 2001) (finding prejudicial violation where the IJ's decision improperly "focused almost exclusively" on one aspect of petitioner's case, reflecting bias).

**PETITION DENIED.**